UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JORGE A. TORRES, JR.,

                        Petitioner,

          v.

UNITED STATES DEPARTMENT OF STATE,

                        Respondent.

No. 18-CV-9555 (KMK)

OPINION & ORDER

Appearances:

Jorge A. Torres, Jr.
Liberty, NY
*Pro se Petitioner*

Joshua E. Kahane, Esq.
United States Attorney's Office for the Southern District of New York
New York, NY
*Counsel for Respondent*

KENNETH M. KARAS, United States District Judge:

      Pro se Petitioner Jorge A. Torres, Jr. ("Petitioner") filed the instant Petition for a Writ of Mandamus (the "Petition"), pursuant to 28 U.S.C. § 1361 (the "Mandamus Act"), against the United States Department of State ("Respondent," or the "Department") seeking relief from alleged religious persecution related to Petitioner's passport application. (*See generally* Pet. (Dkt. No. 2).) Before the Court is Respondent's Motion To Dismiss the Petition pursuant to Federal Rules of Civil Procedure 8, 12(b)(1), and 12(b)(6) (the "Motion"). (*See* Not. of Mot. (Dkt. No. 19).) For the following reasons, the Motion is granted.

## I. Background

### A. Factual Background

On September 20, 2018, Petitioner was married in Massachusetts. (Pet. ¶ 2.) For "religious reasons," Petitioner changed his last name to "Bar-Levy" under Massachusetts law. (*Id.*) Petitioner alleges that on the same day as his marriage, he updated his Social Security record and card to include his new last name, and was also issued a New York State "[e]nhanced [d]rivers [license] . . . without complications." (*Id.* ¶ 3.) On September 25, 2018, Petitioner applied for an updated passport that included his new last name at the "Department of State Passport Agency" (the "Agency") in Connecticut. (*Id.* ¶ 4.) According to Petitioner, he needed a new passport because he was traveling to Israel that day for "religious reasons"; thus, he paid a fee to expedite the service and gave his old passport to the Agency. (*Id.*) However, Petitioner was then "ridicule[d] in front of everyone," and was interrogated about his new last name and "his religious intentions." (*Id.*) When Petitioner informed the Agency that he changed his last name as a result of his marriage, his documents were "seized [unlawfully]," he was unable to travel abroad that day, and he was told that his passport application was under investigation because the Department "wanted to investigate[] why [P]etitioner adopted the Hebrew [r]eligious [l]ast [n]ame Bar-Levy." (*Id.*) According to Petitioner, he incurred financial loss and his travel plans were delayed as a result. (*Id.*)

Petitioner seeks a writ of mandamus compelling Respondent to issue Petitioner's passport and "any other order or relief [Petitioner] may be entitled to." (*Id.* at 4–5.)[1] Petitioner also seeks a writ of mandamus "compelling [Respondent] to cease its unconstitutional and [illegal]

---

[1] The first half of the Petition includes numbered paragraphs, and the second half does not. Thus, the Court uses both paragraph and page numbers to reference the different portions of the Petition.

activities against [P]etitioner and order[ing] [Respondent] to cease all [u]nconstitutional religious persecution against [P]etitioner" and asks that the Court "certify that the United States Government has[,] since 2010[,] persecuted [P]etitioner and his family." (*Id.* at 4.) Finally, Petitioner asks the Court to "allow [P]etitioner to apply for asylum in the State of Israel or any third state based on . . . religious and ethnic persecution." (*Id.*)

B. Petitioner's Litigation History

Petitioner alleges that he has been "unla[w]fully persecuted and discriminated" against by Respondent for "over seven years" because he is an "Orthodox Jew of Sephardic heritage." (*Id.* ¶ 1.) Petitioner states that on several occasions, Respondent has interfered with passport applications filed for Petitioner or on behalf of his "minor and adult children" by "delay[ing], den[ying,] or plac[ing] [the application] under investigation for no lawful[] reason[] other than a malicious persecution." (*Id.*) Petitioner cites to two other lawsuits he has filed in the Southern District of New York against Respondent related to previous passport applications. (*Id.*)[2]

First, on June 20, 2012, Petitioner filed a petition for a writ of mandamus against Respondent and the United States Embassy in San Salvador (the "Embassy") before Judge Castel in the Southern District of New York. (*See* Pet. ("June 20, 2012 Pet.") (Dkt. No. 2, Case No. 12-CV-4885).) Petitioner alleged that after he had been extradited and served a prison sentence in the United States, he tried to obtain United States passports for four of his children, who were located in El Salvador. (*See id.* ¶¶ 5–7, 9.) According to Petitioner, the passports were delayed and his requests for expedited shipment were denied due to "discrimination, prejudice[,] and bias

---

[2] The Court may take judicial notice of pleadings filed in other cases in deciding a motion to dismiss without converting that motion into one for summary judgment. *See Ndremizara v. Swiss Re Am. Holding Corp.*, 93 F. Supp. 3d 301, 313 n.7 (S.D.N.Y. 2015). Additionally, on a motion to dismiss for lack of subject matter jurisdiction, the Court properly considers materials outside the pleadings. *See JTE Enters., Inc. v. Cuomo*, 2 F. Supp. 3d 333, 338 (E.D.N.Y. 2014).

3

against [] [P]etitioner." (*Id.* ¶¶ 10–12) On October 1, 2012, however, Petitioner filed a Stipulation and Order of Dismissal, stating that within 30 days of the Order, Respondent and the Embassy would issue passports to Petitioner's children. (Dkt. No. 10, Case No. 12-CV-4885.)

Thereafter, on March 12, 2013, Petitioner filed a petition for a writ of mandamus against Respondent and the United States Embassy in Santo Domingo before Judge Briccetti in the Southern District of New York. (*See* Pet. ("Mar. 12, 2013 Pet.") (Dkt. No. 1, Case No. 13-CV-1635).) Petitioner alleged that Respondent had prevented him from reuniting with one of his children, located in the Dominican Republic, due to Respondent's failure to register his daughter as a United States citizen. (*Id.* at 4.)[3] Although the respondents filed a Motion To Dismiss in this case, (Dkt. Nos. 7–9, Case No. 13-CV-1635), Judge Briccetti ultimately dismissed the petition as moot after Petitioner's daughter received a United States passport and Consular Report of Birth Abroad ("CRBA"). (Dkt. No. 14, Case No. 13-CV-1635.)

C. Procedural Background

Petitioner commenced the instant Action on October 16, 2018. (Dkt. No. 1.) The Court granted Petitioner in forma pauperis ("IFP") status on November 13, 2018. (Dkt. No. 3.) After receiving two extensions from the Court, (Dkt. Nos. 10, 14), and after a delay due to a lapse of funding to the Department of Justice, (Dkt. No. 11), Respondent filed a Pre-Motion Letter on February 13, 2019, seeking to file a Motion To Dismiss, (Dkt. No. 15). The Court ordered Petitioner to respond, but when he did not, the Court set a briefing schedule for Respondent's

---

[3] Because Petitioner uses repeating paragraph numbers in this petition, the Court refers to the ECF-stamped page numbers located at the top of the document to avoid confusion.

4

Motion. (Dkt. No. 18.)[4]  On April 15, 2019, Respondent filed the instant Motion. (Not. of Mot.; Mem. of Law in Supp. of Resp.'s Mot. ("Resp.'s Mem.") (Dkt. No. 20).)  Petitioner did not file an Opposition, and, thus, Respondent did not file a Reply.  The Court deems the Motion fully submitted.

II.  Discussion

A.  Standards of Review

"The standards of review under Rules 12(b)(1) and 12(b)(6) . . . are substantively identical."  *Neroni v. Coccoma*, No. 13-CV-1340, 2014 WL 2532482, at *4 (N.D.N.Y. June 5, 2014) (quotation marks omitted) (citing *Lerner v. Fleet Bank, N.A.*, 318 F.3d 113, 128 (2d Cir. 2003)), *aff'd*, 591 F. App'x 28 (2d Cir. 2015).  "In deciding both types of motions, the Court must accept all factual allegations in the complaint as true, and draw inferences from those allegations in the light most favorable to the plaintiff."  *Gonzalez v. Option One Mortg. Corp.*, No. 12-CV-1470, 2014 WL 2475893, at *2 (D. Conn. June 3, 2014) (citation and quotation marks omitted).  However, "[o]n a Rule 12(b)(1) motion, . . . the party who invokes the Court's jurisdiction bears the burden of proof to demonstrate that subject matter jurisdiction exists, whereas the movant bears the burden of proof on a motion to dismiss under Rule 12(b)(6)."  *Id.* (citing *Lerner*, 318 F.3d at 128); *see also Sobel v. Prudenti*, 25 F. Supp. 3d 340, 352 (E.D.N.Y. 2014) ("In contrast to the standard for a motion to dismiss for failure to state a claim under Rule 12(b)(6), a plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." (citation and quotation marks omitted)).  This allocation of the burden of proof is the "only substantive difference" between the standards of

---

[4] At least one of the documents mailed to Petitioner regarding Respondent's Motion was returned, the reason being, "Box closed[,] unable to forward[,] return to sender."  (Dkt. (entry for May 29, 2019).)

5

review under these two rules. *Fagan v. U.S. Dist. Court for S. Dist. of N.Y.*, 644 F. Supp. 2d 441, 446–47 & n.7 (S.D.N.Y. 2009) (citation omitted).

### 1. Rule 12(b)(1)

"A federal court has subject matter jurisdiction over a cause of action only when it has authority to adjudicate the cause pressed in the complaint." *Bryant v. Steele*, 25 F. Supp. 3d 233, 241 (E.D.N.Y. 2014) (quotation marks omitted) (quoting *Arar v. Ashcroft*, 532 F.3d 157, 168 (2d Cir. 2008), *vacated and superseded on reh'g on other grounds*, 585 F.3d 559 (2d Cir. 2009) (en banc)). "Determining the existence of subject matter jurisdiction is a threshold inquiry[,] and a claim is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (citation and quotation marks omitted), *aff'd*, 561 U.S. 247 (2010); *see also United States v. Bond*, 762 F.3d 255, 263 (2d Cir. 2014) (describing subject matter jurisdiction as the "threshold question" (quotation marks omitted) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 88–89 (1998))). "In adjudicating a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), the court may consider matters outside the pleadings." *JTE Enters. v. Cuomo*, 2 F. Supp. 3d 333, 338 (E.D.N.Y. 2014) (citing *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)).

### 2. Rule 12(b)(6)

The Supreme Court has held that although a complaint "does not need detailed factual allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration and quotation marks omitted). Indeed, Rule 8 of the Federal Rules of Civil Procedure

6

"demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id*. (alteration and quotation marks omitted). Instead, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Although "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint," *id*. at 563, and a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face," id. at 570, if a plaintiff has not "nudged [his or her] claims across the line from conceivable to plausible, the[] complaint must be dismissed," *id*.; *see also Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" (citation omitted) (second alteration in original) (quoting Fed. R. Civ. P. 8(a)(2))); *id.* at 678–79 ("Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

In considering Respondent's Motion, the Court is required to "accept as true all of the factual allegations contained in the [C]omplaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *see also Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (same). And, the Court must "draw[] all reasonable inferences in favor of the plaintiff." *Daniel v. T & M Prot. Res., Inc.*, 992 F. Supp. 2d 302, 304 n.1 (S.D.N.Y. 2014) (citing *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012)). Where, as here, a petitioner proceeds pro se, the Court must

"construe[] [his complaint] liberally and interpret[] [it] to raise the strongest arguments that [it] suggest[s]." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (per curiam) (quotation marks omitted). However, "the liberal treatment afforded to pro se litigants does not exempt a pro se party from compliance with relevant rules of procedure and substantive law." *Bell v. Jendell*, 980 F. Supp. 2d 555, 559 (S.D.N.Y. 2013) (quotation marks omitted); *see also Caidor v. Onondaga County*, 517 F.3d 601, 605 (2d Cir. 2008) ("[P]ro se litigants generally are required to inform themselves regarding procedural rules and to comply with them." (italics and quotation marks omitted)).

Generally, "[i]n adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999) (quotation marks and citation omitted). When a petitioner proceeds pro se, however, the Court may consider "materials outside the complaint to the extent that they are consistent with the allegations in the complaint." *Alsaifullah*, 2013 WL 3972514, at *4 n.3 (quotation marks omitted), and "documents either in [the] [petitioner's] possession or of which [the petitioner] had knowledge and relied on in bringing suit," *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (quotation marks omitted).

B. Analysis

Respondent argues that because Petitioner has received the passport he sought, Petitioner's claim is moot, (Resp.'s Mem. 2–4), and that Petitioner "fails to provide a cognizable basis" for the other forms of relief sought, (*id.* at 4–6). For the reasons stated below, the Court agrees.

1. Mootness

"The case or controversy requirement of Article III precludes litigation over claims that are moot." *Mahon v. Johnson*, 321 F. Supp. 3d 320, 323 (E.D.N.Y. 2018) (citing *Fox v. Bd. of Trs. of State Univ. of N.Y.*, 42 F.3d 135, 139 (2d Cir. 1994)). In other words, "[i]n order to satisfy the case or controversy requirement, a party must, at all stages of the litigation, have an actual injury which is likely to be redressed by a favorable judicial decision." *United States v. Mercurris*, 192 F.3d 290, 293 (2d Cir. 1999) (citation omitted). "Thus, as a general rule, if an event occurs during the course of the proceedings or on appeal that makes it impossible for the court to grant any effectual relief whatever to the prevailing party, [the court] must dismiss the case." *United States v. Blackburn*, 461 F.3d 259, 261–62 (2d Cir. 2006) (citation and quotation marks omitted). For example, "[w]hen a plaintiff asks a court to compel a federal official to act, and the federal official has already performed that act, the claim is moot, and therefore, the court lacks subject matter jurisdiction." *Mahon*, 321 F. Supp. 3d at 323 (citing *Barrett v. United States*, 105 F.3d 793, 794 (2d Cir. 1996)).

Here, Petitioner seeks to "compel[] [Respondent] to issue [P]etitioner's United States [p]assport." (Pet. 4–5.) However, Petitioner received a passport in approximately late November or early December 2018. (Letter from Joshua E. Kahane, Esq. to Court (Dec. 14, 2018) ("Dec. 14 Kahane Letter") (Dkt. No. 9); Letter from Joshua E. Kahane, Esq. to Court (Feb. 13, 2019) ("Feb. 13 Kahane Letter") (Dkt. No. 15).)[5] Thus, the Court need not compel Respondent to issue a passport that has already been issued. *See Mahon*, 321 F. Supp. 3d at 323 (dismissing as moot the petitioner's action for a writ of mandamus when the petitioner sought

---

[5] These documents are properly considered on a motion to dismiss for lack of subject matter jurisdiction. *See JTE Enters.*, 2 F. Supp. 3d at 338.

9

adjudication of an application to adjust her status, and the United States Citizenship and Immigration Services had already adjudicated it); *Ogunji v. Kerry*, No. 13-CV-1208, 2016 WL 4487745, at *2 (E.D.N.Y. Aug. 25, 2016) (finding that when the petitioner sought adjudication of a passport application, and that adjudication had occurred, the case was moot); *Elliott v. U.S. Dep't of State*, 122 F. Supp. 3d 39, 43 (S.D.N.Y. 2015) (same). Further, to the extent that Petitioner seeks a writ of mandamus "compelling [Respondent] to cease its unconstitutional and [illegal] activities . . . and order[ing] [Respondent] to cease all [u]nconstitutional religious persecution against [P]etitioner," (Pet. 4), Petitioner does not allege any ongoing activities besides Respondent's failure to timely issue a new passport, which has been resolved, and the two earlier actions Petitioner brought against Respondent, which were also resolved. (*See generally* Pet.)[6] Thus, there is "no ongoing harm from or lingering effect" of Respondent's failure to provide Petitioner with an updated passport. *Aleksanian v. Cuomo*, No. 16-CV-4183, 2017 WL 2881134, at *4 (E.D.N.Y. July 6, 2017) (quoting *Am. Freedom Def. Initiative v. Metropolitan Transp. Auth.*, 815 F.3d 105, 110 (2d Cir. 2016)).[7]

---

[6] Petitioner states that his previous two actions were "based on the same facts previously decided by this Honorable Court." (Pet. ¶ 1.) However, this representation is inaccurate. Petitioner's first petition related to passports for four of his children, (*see* June 20, 2012 Pet.), and his second petition related to a passport and CBRA for another one of his children, (*see* Mar. 12, 2013 Pet.). Further, in his first petition, Petitioner alleged unspecified "discrimination, prejudice[,] and bias," (June 20, 2012 Pet. ¶ 11), and in his second petition, he alleged "racial profiling, discrimination, [and] hatred [toward] . . . children born in Latin America and Asia," mistreatment of "United States [c]itizens of Hispanic [descent]," and general "discriminat[ion] based on national origin and religion," (Mar. 12, 2013 Pet. 4, 6, 13). Moreover, neither of the previous two actions was adjudicated by a court. In the first, Petitioner filed a stipulation of dismissal, (Dkt. No. 10, Case No. 12-CV-4885), and in the second, the court dismissed the petition as moot, (Dkt. No. 14, Case No. 13-CV-1635).

[7] Although Petitioner alleges that he suffered "financial loss," (Pet. ¶ 4), he does not request any such relief in the Petition, (*id.* at 4–5).

To the extent that Petitioner would argue that Respondent's allegedly illegal activities are likely to continue, this argument would fail. Although the Court may determine that a claim is not moot when it is "capable of repetition, yet evading review," and that "the repetition would affect the same complaining party," *Altman v. Bedford Cent. Sch. Dist.*, 245 F.3d 49, 71 (2d Cir. 2001) (citations and quotation marks removed), this exception to the mootness doctrine requires that "(1) the challenged action [be] too short in duration to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation or demonstrated probability that the controversy will recur," *Adams v. Horton*, No. 13-CV-10, 2015 WL 1015339, at *4 (D. Vt. Mar. 6, 2015) (citing *United States v. Quattrone*, 402 F.3d 304, 309 (2d Cir. 2005)). Here, Petitioner has "not set forth enough detail about the time[lines] involved in a passport [application] for the Court to determine whether [related actions] will necessarily evade review." *Id.* Indeed, Petitioner had sufficient time to file suit in two previous actions related to his and his family's passports. (*See* Dkt. No. 2, Case No. 12-CV-4885; Dkt. No. 1, Case No. 13-CV-1635.) Moreover, any claims that Respondent would take the same actions against Petitioner with respect to future passport requests is "mere speculation." *Van Allen v. Cuomo*, 621 F.3d 244, 247 (2d Cir. 2010) (citation and quotation marks omitted); *see also Adams*, 2015 WL 1015339, at *4–5 (finding, in a suit for declaratory and injunctive relief, that the plaintiff's claims that she would likely lose her passport in the future and would again be discriminated against in seeking a new passport were speculative).

Accordingly, Petitioner's claim is moot, and the Court lacks subject matter jurisdiction over it.

### 2. Other Forms of Relief

Petitioner also seeks "certif[ication] that the United States [g]overnment has . . . persecuted [P]etitioner and his family [since 2010]," and asks that the Court "allow [P]etitioner to apply for asylum in the State of Israel or any third state based on these religious and ethnic persecution." (Pet. 4.) To the extent that the Court considers these forms of relief as separate from Petitioner's passport-related requests, they must also be dismissed.

The Mandamus Act authorizes courts to "compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. "A writ of mandamus is a "'drastic and extraordinary' remedy 'reserved for really extraordinary causes.'" *Zaidan v. Tillerson*, No. 17-CV-3604, 2018 WL 3769966, at *2 (E.D.N.Y. Aug. 9, 2018) (some quotation marks omitted) (quoting *Cheney v. U.S. Dist. Ct. for Dist. of Columbia*, 542 U.S. 367, 380 (2004)). "[O]nly exceptional circumstances amounting to a judicial usurpation of power or a clear abuse of discretion will justify the invocation of this extraordinary remedy." *Id.* (alteration in original) (citation and quotation marks omitted). A petitioner seeking a writ of mandamus must establish that "(1) there is a clear right to the relief sought; (2) the Government has a plainly defined and peremptory duty to perform the act in question; and (3) there is no other adequate remedy available." *Benzman v. Whitman*, 523 F.3d 119, 133 (2d Cir. 2008) (citation omitted).

Petitioner's request for "certif[ication]" of past persecution does not seek any action to "compel an officer or employee of the United States or any agency thereof to perform a duty owed to [Petitioner]," 28 U.S.C. § 1361, and thus is not a proper request for relief under the Mandamus Act. To the extent that this request is actually one for a declaratory judgment, this too would fail, because such a declaration "would not resolve any existing legal disagreement or

provide compensation for any past unlawful acts," as such acts have previously been resolved, and Petitioner does not seek monetary damages from Respondent. *J.S. v. Attica Cent. Sch.*, No. 00-CV-513, 2011 WL 4498369, at *15 (W.D.N.Y. Sept. 27, 2011). "Accordingly, this matter does not present any 'live dispute' appropriate for judicial involvement." *Id.*; *see also S. Jackson & Son, Inc. v. Coffee, Sugar & Cocoa Exch. Inc.*, 24 F.3d 427, 432 (2d Cir. 1994) ("Such a declaration [of past wrongs] seemingly would verge on the status of an advisory opinion, which, of course, no federal court is empowered to deliver." (citation omitted)). Further, with respect to Petitioner's request that the Court allow Petitioner to apply for asylum in Israel, this Court is an improper venue for such a request.

### III. Conclusion

For the reasons stated above, Respondent's Motion To Dismiss is granted. Although a "pro se plaintiff should generally be afforded an opportunity to amend his complaint prior to its dismissal for lack of subject matter jurisdiction," the Court is not required to grant leave to amend when doing so would be futile. *Jinbin Wu v. Johnson*, No. 16-CV-4523, 2018 WL 1115215, at *4 (E.D.N.Y. Feb. 27, 2018) (italics and quotation marks omitted) (citing *Baker v. New York State*, 128 F. App'x 185, 186 (2d Cir. 2005)). "Repleading would be futile here because the defect in subject matter jurisdiction does not appear to be curable." *Id.* (citation and quotation marks omitted)

Thus, the Clerk of the Court is respectfully directed to terminate the pending Motion, (Dkt. No. 19), enter judgment for Respondent, and close the case.

The Clerk of the Court is also respectfully directed to mail a copy of this Opinion & Order to Petitioner.

SO ORDERED.

DATED:    March 27, 2020
               White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE